Rosenthal v Alexander (2020 NY Slip Op 01101)





Rosenthal v Alexander


2020 NY Slip Op 01101


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-03417
 (Index No. 606531/14)

[*1]Steven Rosenthal, etc., et al., respondents,
v
Robert J. Alexander, etc., appellant, et al., defendants.


Heidell, Pittoni, Murphy & Bach LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for appellant.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Carolyn M. Caccese and Beth S. Gereg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Robert J. Alexander appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated March 6, 2017. The order, insofar as appealed from, denied that branch of the motion of the defendants Robert J. Alexander, North Shore University Hospital Plainview, and North Shore University Hospital Manhasset which was for summary judgment dismissing the complaint insofar as asserted against the defendant Robert J. Alexander.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Robert J. Alexander, North Shore University Hospital Plainview, and North Shore University Hospital Manhasset which was for summary judgment dismissing the cause of action alleging failure to obtain informed consent insofar as asserted against the defendant Robert J. Alexander, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries (see Gachette v Leak, 172 AD3d 1327, 1329; Stukas v Streiter, 83 AD3d 18, 23). Where a defendant physician makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25; see also Gachette v Leak, 172 AD3d at 1329).
Here, the defendants Robert J. Alexander, North Shore University Hospital Plainview, and North Shore University Hospital Manhasset made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Alexander (hereinafter the defendant) by submitting the affirmation of an expert in internal medicine demonstrating that the defendant did not depart from accepted medical practice and that any alleged departure was not a proximate cause of the claimed injuries or death of the plaintiff's decedent (see [*2]Gachette v Leak, 172 AD3d at 1329; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789, 790).
However, in opposing the motion, the plaintiffs raised triable issues of fact regarding whether the defendant's alleged negligence was a proximate cause of the decedent's injuries or death. Specifically, the plaintiffs' medical expert opined that the defendant departed from good and accepted medical practice by failing to perform blood tests and a urinalysis on the decedent when he presented at the defendant's office on February 11, 2014 (hereinafter the February 2014 visit). According to the plaintiffs' expert, given the decedent's presenting signs and symptoms, as well as his multiple serious chronic medical conditions, the defendant's failure to perform blood tests and a urinalysis was a breach of the standard of care. Thus, the plaintiffs raised a triable issue of fact as to whether the defendant departed from accepted standards of practice by failing to perform blood tests and a urinalysis during the February 2014 visit so as to ensure timely and proper treatment of the decedent, including supportive care such as intravenous fluid administration and hemodynamic monitoring. The plaintiffs also raised a triable issue of fact as to whether such departure was a proximate cause of the decedent's dehydration and other resulting complications, including, inter alia, acute renal and liver failure (see Gachette v Leak, 172 AD3d at 1329-1330; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d at 790).
Accordingly, we agree with the Supreme Court's denial of that branch of the motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendant.
However, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the cause of action alleging failure to obtain informed consent insofar as asserted against the defendant. The plaintiffs did not allege that the defendant failed to obtain the decedent's informed consent in connection with any specific affirmative treatment or testing involving a violation of his physical integrity (see Public Health Law § 2805-d; DeChico v Northern Westchester Hosp. Ctr., 73 AD3d 838, 841).
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court