Zabary v North Shore Hosp. in Plainview (2021 NY Slip Op 00205)





Zabary v North Shore Hosp. in Plainview


2021 NY Slip Op 00205


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-07781
 (Index No. 606054/15)

[*1]Adam Zabary, appellant, 
v
North Shore Hospital in Plainview, et al., respondents, et al., defendant.


Kohan Law Group, PC, Manhasset, NY (Joshua M. Lockamy and Michael Kohan of counsel), for appellant. 
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxon of counsel), for respondents North Shore Hospital in Plainview, North Shore University Hospital, and Robert Dring.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Steven Widom of counsel), for respondents Rajiv Bansal and Sanford M. Ratner.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 25, 2018. The order granted the motion of the defendants North Shore Hospital in Plainview, North Shore University Hospital, and Robert Dring for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendants Rajiv Bansal and Sanford M. Ratner for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants North Shore Hospital in Plainview, North Shore University Hospital, and Robert Dring which were for summary judgment dismissing the complaint insofar as asserted against the defendants North Shore University Hospital and Robert Dring, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Rajiv Bansal and Sanford M. Ratner which was for summary judgment dismissing the complaint insofar as asserted against the defendant Rajiv Bansal, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On February 16, 2013, the plaintiff went to the defendant North Shore Hospital in Plainview (hereinafter Plainview Hospital) with complaints of vomiting, diarrhea, and epigastric pain. There, the plaintiff was diagnosed with gastritis, and discharged from the hospital.
On August 27, 2013, the plaintiff visited the defendant Sanford M. Ratner for a physical examination, at which the plaintiff reported a "painful indigestion type feeling" radiating to his side and back, and reported that the pain "did not happen" while on Prilosec. Ratner attributed the plaintiff's complaints to gastroesophageal reflux disease.
On September 13, 2013, the plaintiff returned to Ratner's office with complaints of epigastric pain radiating to his back and sides, and was examined by nonparty Joseph Genovese. Genovese ordered an abdominal ultrasound, which revealed that the plaintiff had a distended gallbladder with multiple stones indicative of cholecystitis. Genovese then instructed the plaintiff to go to the emergency room, and the plaintiff was admitted that day to the defendant North Shore University Hospital (hereinafter NSUH). At NSUH, the plaintiff underwent an open cholecystectomy, which was performed by the defendant Robert Dring.
On September 16, 2013, the plaintiff underwent an endoscopic retrograde cholangio-pancreatography (hereinafter ERCP), which was performed by the defendant Rajiv Bansal to repair a biliary leak with the insertion of an endobiliary stent. On November 20, 2013, Bansal performed another ERCP to remove the stent and found that the biliary leak was repaired.
On March 25, 2014, the plaintiff underwent another ERCP due to complaints of epigastric pain, which was performed by nonparty Anthony Celifarco, who found biliary leakage from the cystic duct and a lodged stone in the cystic duct which could not be removed. On May 6, 2014, the plaintiff underwent laparoscopic surgery, which was performed by nonparty Michael Wayne, who removed the lodged stone, and diagnosed the plaintiff with choledocholithiasis.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that Plainview Hospital deviated from accepted medical practice on February 16, 2013, by failing to diagnose gallstones, and prematurely releasing him before ruling out gallstones as the cause of his complaints; that Ratner deviated from accepted medical practice on August 27, 2013, by failing to diagnose and treat his gallstones; that NSUH and Dring deviated from accepted medical practice on September 13, 2013, by negligently performing the cholecystectomy; that Bansal deviated from accepted medical practice on September 16, 2013, and November 20, 2013, by failing to discover and remove gallstones during the ERCPs performed; and that the aforementioned departures from accepted medical practice proximately caused the plaintiff to suffer injuries.
Thereafter, Bansal and Ratner together moved for summary judgment dismissing the complaint insofar as asserted against them, and Plainview Hospital, NSUH, and Dring (hereinafter collectively the North Shore defendants) together moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered April 25, 2018, the Supreme Court granted both motions. The plaintiff appeals. We modify.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries" (Rosenthal v Alexander, 180 AD3d 826, 827 [citation omitted]; see Stukas v Streiter, 83 AD3d 18, 23). "Where a defendant physician makes a prima facie showing on both elements, 'the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element'" (Rosenthal v Alexander, 180 AD3d at 827, quoting Stukas v Streiter, 83 AD3d at 25). Further, "'[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions,' since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder" (Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090, quoting Feinberg v Feit, 23 AD3d 517, 519). "However, '[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion'" (Pinnock v Mercy Med. Ctr., 180 AD3d at 1090, quoting Alvarez v Prospect Hosp., 68 NY2d 320, 325).
We agree with the Supreme Court's determination granting that branch of the North Shore defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Plainview Hospital. The North Shore defendants established, prima facie, that [*2]Plainview Hospital was entitled to judgment as a matter of law by submitting the expert affirmation of Denise Nassisi, which demonstrated that Plainview Hospital did not depart from accepted medical practice and that, in any event, any alleged departure was not a proximate cause of the claimed injuries.
In opposition, the plaintiff, through the expert affirmation of David A. Mayer, raised triable issues of fact as to whether Plainview Hospital departed from the relevant standard of care by, inter alia, failing to perform an abdominal sonogram to rule out gallstones as the cause of the plaintiff's symptoms, and by prematurely discharging the plaintiff without ruling out gallstones. Even so, Mayer's affirmation failed to raise a triable issue of fact as to whether any such departure proximately caused any of the plaintiff's alleged injuries. Mayer offered merely conclusory and speculative assertions as to causation, and failed to address or rebut Nassisi's specific assertion that the plaintiff's condition upon presentation at Plainview Hospital on February 16, 2013, was "too far removed" from the plaintiff's condition upon admission at NSUH on September 13, 2013, such that any opinion on proximate cause would be speculative (see Iodice v Giordano, 170 AD3d 971, 972-973).
We also agree with the Supreme Court's determination granting that branch of the motion of Bansal and Ratner which was for summary judgment dismissing the complaint insofar as asserted against Ratner. Bansal and Ratner established, prima facie, that Ratner was entitled to judgment as a matter of law by submitting the expert affirmation of Mark Schattner, which demonstrated that Ratner did not depart from accepted medical practice and that, in any event, any alleged departure was not a proximate cause of the claimed injuries.
In opposition, the plaintiff raised triable issues of fact as to whether Ratner departed from the applicable standard of care by failing to order an abdominal ultrasound to rule out cholelithiasis. Even so, Mayer's affirmation offered merely conclusory and speculative assertions on the issue of proximate cause, and failed to address or rebut Schattner's specific assertions that any alleged delay in diagnosis did not contribute to the plaintiff's alleged injuries (see Iodice v Giordano, 170 AD3d at 972-973).
We disagree with the Supreme Court's determination granting those branches of the North Shore defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against NSUH and Dring. The North Shore defendants established, prima facie, that NSUH and Dring were entitled to judgment as a matter of law by submitting the expert affirmation of Peter Shamamian, which demonstrated that those defendants did not depart from accepted medical practice and that, in any event, any alleged departure was not a proximate cause of the claimed injuries.
In opposition, the plaintiff, through the expert affirmation of Mayer, raised triable issues of fact as to whether NSUH and Dring departed from the applicable standards of care. Mayer opined, inter alia, that Dring and NSUH departed from the standard of care by failing to completely remove the plaintiff's gallbladder, and by failing to recognize that the plaintiff's inflammation was too significant to proceed with the cholecystectomy. Mayer opined that, instead of proceeding with the emergency cholecystectomy, NSUH and Dring should have inserted a drainage tube in the gallbladder, treated the plaintiff with antibiotics, and performed a cholecystectomy on a later date when the procedure could be performed "non-emergently and safely." Mayer's affirmation also raised a triable issue of fact on the issue of proximate cause. Mayer opined, among other things, that Dring left a gallbladder remnant which required the plaintiff "to undergo major corrective procedures to properly complete the gallbladder removal."
We also disagree with the Supreme Court's determination granting that branch of the motion of Bansal and Ratner which was for summary judgment dismissing the complaint insofar as asserted against Bansal. Bansal and Ratner established, prima facie, that Bansal was entitled to judgment as a matter of law by submitting the expert affirmation of Schattner demonstrating that he did not depart from accepted medical practice and that, in any event, any alleged departure was not a proximate cause of the claimed injuries.
In opposition, the plaintiff's expert, Mayer, raised triable issues of fact as to whether Bansal departed from the applicable standard of care by failing to diagnose and treat a retained gallbladder/cystic duct remnant with stones during the ERCPs on September 16, 2013, and November 20, 2013. Mayer also raised a triable issue of fact as to whether the alleged departures were a proximate cause of the plaintiff's alleged injuries. Mayer opined that Bansal's failure to diagnose and treat a retained gallbladder/cystic duct remnant with stones would have avoided the need for major open corrective surgery, further ERCPs, incisional hernia, jaundice, sepsis, and pain and suffering.
We agree with the Supreme Court's determination denying the branch of the North Shore defendants' motion which was, in effect, to disqualify Mayer on the basis of the "advocate-witness rule" (People v Ortiz, 26 NY3d 430, 437). We agree with the Supreme Court's determination that Mayer acted only as a medical expert, and not as an attorney.
Contrary to the Supreme Court's determination, the affirmation of the plaintiff's expert sufficiently laid a foundation for his opinions and demonstrated that he has the "requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (M.C. v Huntington Hosp., 175 AD3d 578, 580 [internal quotation marks omitted]). "[O]nce a medical expert establishes his or her knowledge of the relevant standards of care, he or she need not be a specialist in the particular area . . . to offer an opinion" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677 [internal quotation marks omitted]).
Accordingly, we agree with the Supreme Court's determinations granting those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against Plainview Hospital and Ratner. The court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against NSUH, Dring, and Bansal.
The parties' remaining contentions are either without merit or not properly before this Court.
AUSTIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court