Nodar v Pascaretti (2021 NY Slip Op 06695)





Nodar v Pascaretti


2021 NY Slip Op 06695


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07718
 (Index No. 59861/15)

[*1]John Nodar, et al., appellants, 
v
Cynthia Pascaretti, etc., et al., respondents, et al., defendants.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellants.
Pilkington & Leggett, P.C., White Plains, NY (Michael N. Romano of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated June 5, 2019. The order granted the motion of the defendants Cynthia Pascaretti, Daniel Hafner, Mid-Hudson Medical Group, and Mount Kisco Medical Group, P.C., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Cynthia Pascaretti, Daniel Hafner, Mid-Hudson Medical Group, and Mount Kisco Medical Group, P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied.
As is relevant to this appeal, in June 2015, the plaintiff John Nodar (hereinafter Nodar), and his wife suing derivatively, commenced this action against, among others, the defendants Cynthia Pascaretti, Daniel Hafner, Mid-Hudson Medical Group, and Mount Kisco Medical Group, P.C. (hereinafter collectively the defendants), asserting causes of action alleging medical malpractice and loss of services. According to the plaintiffs, Pascaretti, a family nurse practitioner, and Hafner, a medical doctor, treated Nodar as their patient at Mid-Hudson Medical Group (hereinafter Mid-Hudson). The plaintiffs alleged that, during the relevant time period, both Pascaretti and Hafner were employed by Mid-Hudson. The plaintiffs alleged that, in July 2014, Nodar sustained injuries when he attempted suicide by jumping from the roof of his house and that, in effect, the defendants, who had treated Nodar for anxiety and depression since 2009, were negligent for failing to properly conduct a suicide risk assessment while treating him and failing to provide him a proper referral for psychiatric care. The plaintiffs also alleged that the defendants negligently failed to schedule or timely conduct a follow-up visit with Nodar and did not monitor his mental state after changing one of the antidepressant medications they prescribed to him and adding an anti-anxiety medication. The plaintiffs also alleged that the defendants failed to properly prescribe medication to Nodar. According to the plaintiffs, these alleged failures caused Nodar's anxiety and depression to worsen, resulting in the suicide attempt.
Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 5, 2019, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted standards of medical practice, and evidence that such deviation was a proximate cause of injury (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796). "[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d 18, 24; see Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 796). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Mackauer v Parikh, 148 AD3d 873, 876; see Smarkucki v Kleinman, 171 AD3d 1118, 1119). However, a defendant's expert affidavit that "merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice" is insufficient to meet this burden (Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784, 784; see Kelly v Rosca, 164 AD3d 888, 891).
Here, the defendants failed to establish, prima facie, that they did not depart from the standard of care, or that any such departure did not proximately cause Nodar's injuries. With respect to the plaintiffs' allegations that the defendants failed to conduct a proper suicide risk assessment during a scheduled doctor visit by Nodar, which was just weeks before Nodar attempted suicide by jumping off his roof, the defendants' expert failed to set forth the standard of care for conducting a suicide risk assessment (see e.g. Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 660). The expert's conclusory assertion that the suicide risk assessment that was conducted on that date did not deviate from the standard of care was insufficient to refute the plaintiffs' specific allegations of negligence (see Wodzenski v Eastern Long Is. Hosp., 170 AD3d 925, 926-927; Faicco v Golub, 91 AD3d 817, 818). In addition, the defendants' expert did not address the plaintiffs' allegation that the defendants failed to schedule or conduct a timely follow-up visit with Nodar after changing one of his antidepressant medications and adding an anti-anxiety medication, or otherwise assert that the one-month follow-up appointment that Nodar was advised to do was appropriate under the circumstances (see e.g. Oliver v New York City Health & Hosps. Corp., 178 AD3d 1057, 1058-1059; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1045). Moreover, the defendants' expert failed to establish, prima facie, that any departure from the standard of care did not proximately cause Nodar's injuries (see e.g. Smarkucki v Kleinman, 171 AD3d at 1119; Wodzenski v Eastern Long Is. Hosp., 170 AD3d at 926-927).
Accordingly, the Supreme Court should have denied the defendants' motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are academic in light of our determination.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court