Palmeiro v Luchs (2022 NY Slip Op 01035)





Palmeiro v Luchs


2022 NY Slip Op 01035


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-05576
 (Index No. 601148/15)

[*1]Barry Palmeiro, respondent, 
v
Jonathan Luchs, etc., et al., appellants.


Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell and Eldar Mayouhas of counsel), for appellants Jonathan Luchs and Metropolitan Diagnostic Imaging, P.C.
Seiger Gfeller Laurie LLP, New York, NY (Mark D. Shifton of counsel), for appellants Michael Klein and Oceanside Podiatry.
The Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendants Jonathan Luchs and Metropolitan Diagnostic Imaging, P.C., appeal, and the defendants Michael Klein and Oceanside Podiatry separately appeal, from an amended order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated November 7, 2018. The amended order denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that on the Court's own motion, the defendants' respective notices of appeal from an order entered April 9, 2018, are deemed to be premature notices of appeal from the amended order dated November 7, 2018 (see CPLR 5520[c]), and it is further,
ORDERED that the amended order dated November 7, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2015, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against the defendants Michael Klein, the plaintiff's podiatrist from 1996 until 2013, and Jonathan Luchs, a musculoskeletal radiologist who treated the plaintiff in 2013, and their respective medical practices. The plaintiff alleged that Klein referred him to Luchs for ultrasound-guided steroid injections to address the pain the plaintiff was experiencing in the back of the heels of his feet caused by bone spurs. The plaintiff alleged that, as a result of the injections, his right Achilles tendon ruptured and, soon thereafter, his left Achilles tendon sustained a tear. Klein and his medical practice and Luchs and his medical practice separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an amended order dated November 7, 2018, the Supreme Court denied both motions. Klein and his [*2]medical practice appeal, and Luchs and his medical practice separately appeal. We affirm.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) that such a departure was a proximate cause of the plaintiff's injuries" (Rosenthal v Alexander, 180 AD3d 826, 827; see Russell v Garafalo, 189 AD3d 1100, 1101). "Where a defendant physician makes a prima facie showing on both elements, 'the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element'" (Rosenthal v Alexander, 180 AD3d at 827, quoting Stukas v Streiter, 83 AD3d 18, 25).
Here, Klein and his medical practice established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them by submitting the affirmation of their expert physician who averred that, based on his review of the plaintiff's medical records, the pleadings, and the transcripts of the parties' deposition testimony, Klein did not deviate from accepted standards of medical care by recommending that the plaintiff undergo ultrasound-guided steroid injections and by referring the plaintiff to Luchs to have the procedure done. Likewise, Luchs and his medical practice established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them by submitting the affirmation of their expert physician who averred that, based on his review of the medical records, the pleadings, and the transcripts of the parties' deposition testimony, Luchs did not deviate from the accepted standards of medical care by performing the injections. In opposition, however, the affirmation of the plaintiff's expert raised triable issues of fact as to whether recommending and performing the ultrasound-guided steroid injections departed from good and accepted medical practice and, if so, whether such a departure was a proximate cause of the plaintiff's injuries (see Guctas v Pessolano, 132 AD3d 632, 633; see e.g. Schmitt v Medford Kidney Ctr., 121 AD3d 1088, 1089. "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Russell v Garafalo, 189 AD3d at 1101, quoting Feinberg v Feit, 23 AD3d 517, 519). Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Loaiza v Lam, 107 AD3d 951, 953).
"'To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Lavi v NYU Hosps. Ctr., 133 AD3d 830, 832, quoting Spano v Bertocci, 299 AD2d 335, 337-338 [internal quotation marks omitted]). The fact that a plaintiff signed a consent form, alone does not establish a defendant's prima facie entitlement to judgment as a matter of law (see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670)
Here, although the respective deposition testimony of Klein and Luchs established that the plaintiff was informed about the risks, benefits, and alternatives of the treatment, the plaintiff's deposition testimony indicates that neither doctor ever explained the risks and benefits of, or alternatives to the injections. Since the defendants' respective submissions included the transcript of the plaintiff's deposition testimony, they failed to establish, prima facie, that there were no triable issues of fact with respect to the cause of action alleging lack of informed consent (see Lavi v NYU Hosps. Ctr., 133 AD3d at 832; Thaw v North Shore Univ. Hosp., 129 AD3d 937, 939). "Any conflicts in the testimony merely raised an issue of fact for the fact-finder to resolve" (Lavi v NYU Hosps. Ctr., 133 AD3d at 832).
The defendants' remaining contentions are without merit.
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court