Hackett v Bybordi (2023 NY Slip Op 00077)

Hackett v Bybordi

2023 NY Slip Op 00077

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-02990
 (Index No. 19414/12)

[*1]Joseph Hackett, etc., et al., respondents,
v
Bahar Bybordi, etc., et al., defendants, Brooklyn Hospital Center, defendant third-party plaintiff; Ilbris Yarde, etc., third-party defendant- appellant.

Aaronson Rappaport Feinstein and Deutsch, LLP, New York, NY (Patrick Mevs of counsel), for third-party defendant-appellant.
Scaffidi & Associates, New York, NY (James Scaffidi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the third-party defendant appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 27, 2020. The order, insofar as appealed from, denied stated portions of the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2012, the plaintiffs, as co-administrators of the estate of the decedent, commenced this action against, among others, the defendant Brooklyn Hospital Center (hereinafter the Hospital), asserting causes of action to recover damages for medical malpractice and wrongful death. According to the plaintiffs, on November 1, 2010, the decedent was treated in the Hospital's emergency room by Ilbris Yarde. In the weeks immediately preceding Yarde's treatment of the decedent, the decedent had received treatment at the Hospital by other named defendants in this action, related to her 27-week pregnancy miscarriage. The plaintiffs alleged that, during the relevant time period when the decedent presented at the Hospital, she exhibited risk factors for developing deep vein thrombosis (hereinafter DVT) and pulmonary embolism (hereinafter PE). However, on November 1, 2010, Yarde discharged the decedent from the Hospital with an upper respiratory infection diagnosis, and sent her home. On November 20, 2010, the decedent died from "pulmonary thromboembolism due to pelvic and lower extremity deep vein thrombosis complicating obesity (one month status post induced vaginal delivery of 27 week stillborn)."
As is relevant to this appeal, the plaintiffs alleged that, during the emergency room encounter on November 1, 2010, at the Hospital, Yarde failed to timely diagnose and treat DVT and PE conditions in the decedent in violation of, inter alia, the Hospital's own written guidelines for the prevention of venous thromboembolism. In March 2018, the Hospital commenced a third-party action against Yarde, asserting causes of action for common-law indemnification and contribution. [*2]Following the close of discovery, Yarde moved for summary judgment dismissing the third-party complaint, contending that she did not deviate from accepted standards of medical practice during her treatment of the decedent and that any alleged deviation was not a proximate cause of the decedent's injuries and death. In an order dated January 27, 2020, the Supreme Court, inter alia, denied stated portions of Yarde's motion. Yarde appeals. We affirm.
"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted standards of medical practice, and evidence that such deviation was a proximate cause of injury" (Nodar v Pascaretti, 200 AD3d 697, 698; see Stukas v Streiter, 83 AD3d 18, 23). A medical provider's failure to abide by a hospital's own rules and guidelines for the care and treatment of its patients constitutes some evidence of negligence (see Ogarro v St. Luke's Roosevelt Hosp. Ctr., 158 AD3d 550, 551; Mertsaris v 73rd Corp., 105 AD2d 67, 76). A physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 792-793; Rosenthal v Alexander, 180 AD3d 826, 827; Stukas v Streiter, 83 AD3d at 24). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Nodar v Pascaretti, 200 AD3d at 699 [internal quotation marks omitted]; see Wagner v Parker, 172 AD3d 954).
Here, Yarde failed to establish, prima facie, that she did not depart from the standard of care, or that any such departure did not proximately cause the decedent's injuries and death. Among other things, Yarde's expert did not address the plaintiffs' allegations that Yarde failed to adhere to the Hospital's own guidelines for the prevention of venous thromboembolism, and Yarde's expert materially misstated the record with respect to facts pertinent to the issue of proximate causation (see Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 913; Ojeda v Barabe, 202 AD3d 808, 810; Nodar v Pascaretti, 200 AD3d at 699-700; Kogan v Bizekis, 180 AD3d 659, 661; Faicco v Golub, 91 AD3d 817).
Accordingly, the Supreme Court properly denied the stated portions of Yarde's motion for summary judgment dismissing the third-party complaint that are the subject of this appeal, without regard to the sufficiency of opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court