Guinn v New York Methodist Hosp. (2023 NY Slip Op 00308)

Guinn v New York Methodist Hosp.

2023 NY Slip Op 00308

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-09229
 (Index No. 501725/15)

[*1]Dijon Guinn, etc., appellant, 
v
New York Methodist Hospital, et al., respondents, et al., defendants.

Michael M. Bast, P.C., Brooklyn, NY, for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated June 27, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants New York Methodist Hospital, Amir H. Fazeli, and Sanford M. Lederman which was for summary judgment dismissing the complaint insofar as asserted against the defendants New York Methodist Hospital and Amir H. Fazeli.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants New York Methodist Hospital, Amir H. Fazeli, and Sanford M. Lederman which was for summary judgment dismissing the complaint insofar as asserted against the defendants New York Methodist Hospital and Amir H. Fazeli is denied.
In 2015, the plaintiff, individually and as mother and natural guardian of her infant son, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against, among others, the defendants New York Methodist Hospital (hereinafter NYMH), Amir H. Fazeli, and Sanford M. Lederman. The plaintiff alleged, inter alia, that the defendants committed medical malpractice in inducing labor when she was 26 weeks pregnant, causing the infant to be delivered prematurely via cesarean section, which resulted in serious neurological injuries to the infant, and in performing a digital vaginal examination of the plaintiff, which allegedly caused the infection that prompted the inducement of labor. The plaintiff also alleged that the defendants did not sufficiently inform her about all of the risks involved in proceeding with the delivery and the available alternatives. NYMH, Fazeli, and Lederman (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 27, 2019, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against NYMH and Fazeli, and the plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Lopes v Lenox Hill Hosp., 172 AD3d 699, 702 [internal quotation marks omitted]). A defendant moving for summary [*2]judgment in such a case must demonstrate the absence of any triable issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of those elements (see Martins v Fontanetta, 205 AD3d 798, 799; Palmeiro v Luchs, 202 AD3d 989, 990; Stukas v Streiter, 83 AD3d 18, 24). Once a defendant makes such a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Martins v Fontanetta, 205 AD3d at 799 [internal quotation marks omitted]; see Guctas v Pessolano, 132 AD3d 632, 633). Generally, "[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Russell v Garafalo, 189 AD3d 1100, 1101; see Gilmore v Mihail, 174 AD3d 686, 687; Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants did not make a prima facie showing that the alleged acts of malpractice were not a proximate cause of the injuries alleged in the complaint, since they failed to submit evidence refuting the plaintiff's allegation that the conditions from which the infant suffers are directly attributable to his being delivered prematurely. The defendants did, however, make a prima facie showing on the issue of departure by submitting an affirmation from an expert physician who averred that NYMH and Fazeli did not deviate from accepted standards of medical care by performing a digital vaginal examination of the plaintiff and eventually inducing labor. Nonetheless, in opposition, the plaintiff submitted an affidavit of an expert physician that raised triable issues of fact as to whether the examination and induction constituted departures from good and accepted medical practice (see Guctas v Pessolano, 132 AD3d at 633). NYMH and Fazeli contend that they established that the threat of infection that caused them to make the decision to induce labor was realized when evidence of such infection was found in a pathological study performed after the delivery. Yet, even if this evidence is considered in determining whether a departure occurred at the time labor was induced, the plaintiff, through her expert, raised a triable issue of fact as to whether the infection was sufficiently advanced and severe so as to require immediate inducement at that point in time. In sum, the conflicting expert opinions presented by the parties raised credibility issues that must be resolved by the factfinder (see id.; Loaiza v Lam, 107 AD3d 951, 953; Feinberg v Feit, 23 AD3d at 519).
To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury (see Lavi v NYU Hosps. Ctr., 133 AD3d 830, 832; Spano v Bertocci, 299 AD2d 335, 337-338). The fact that a plaintiff signed a consent form, standing alone, does not establish a defendant's prima facie entitlement to judgment as a matter of law (see Palmeiro v Luchs, 202 AD3d at 991-992; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670). Here, the defendants' submissions failed to establish, prima facie, that the plaintiff was informed about the risks and benefits of inducing labor immediately, and the available alternatives thereto. Thus, the defendants failed to establish the absence of triable issues of fact with respect to the cause of action alleging lack of informed consent (see Palmeiro v Luchs, 202 AD3d at 992; Lavi v NYU Hosps. Ctr., 133 AD3d at 832; Thaw v North Shore Univ. Hosp., 129 AD3d 937, 939).
The remaining contention of NYMH and Fazeli is without merit.
Accordingly, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against NYMH and Fazeli should have been denied.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court