Buzeska v Crystal Run Healthcare Physicians, LLP (2025 NY Slip Op 00078)

Buzeska v Crystal Run Healthcare Physicians, LLP

2025 NY Slip Op 00078

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-00021
 (Index No. 1532/20)

[*1]Nafije Buzeska, et al., appellants,
v
Crystal Run Healthcare Physicians, LLP, et al., respondents.

Gary A. Barbanel, New York, NY, for appellants.
Feldman Kleidman Collins & Sappe LLP, Fishkill, NY (Terry D. Horner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated November 9, 2022. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium is denied.
On November 13, 2019, the plaintiff Nafije Buzeska (hereinafter the injured plaintiff) went to Orange Regional Medical Center (hereinafter ORMC) to undergo a surgery (hereinafter the November 13th surgery) that included a laparoscopic excisional biopsy of endometrial implants and the removal of an intrauterine device. The surgery was performed by the defendant Chari S. Cruz, an employee of the defendant Crystal Run Healthcare Physicians, LLP. Upon awakening from the surgery, the injured plaintiff experienced upper abdominal pain, blood in her urine, inability to ambulate, and inability to have a bowel movement or pass gas. Despite the foregoing and a note from Cruz that the injured plaintiff should not be discharged without having passed gas, the injured plaintiff was discharged the next day.
Following her discharge, the injured plaintiff was unable to ambulate, have a bowel movement, or pass gas. She also ran a fever and began vomiting.
On November 18, 2019, the injured plaintiff returned to ORMC, where physician Seth Judd took her back into surgery and, upon discovering that her sigmoid colon was perforated, performed a bowel resection and colostomy. The injured plaintiff alleged that, upon awakening from this surgery, Judd stated to her that the colon perforation occurred during the November 13th surgery. According to Cruz, Judd told Cruz that the injury occurred due to a "delayed thermal injury," which would not have been discernable until after the November 13th surgery.
Subsequently, the injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice. The defendants moved for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium. In an order dated November 9, 2022, the Supreme Court, among other things, granted the defendants' motion. The plaintiffs appeal.
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. "'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Kunwar v Northwell Health, 229 AD3d 528, 532, quoting Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716; see Glassman v Caremount Med., P.C., 226 AD3d 878, 879). "'[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (Nodar v Pascaretti, 200 AD3d 697, 698-699, quoting Stukas v Streiter, 83 AD3d 18, 24; see Prunty v Mehta, 223 AD3d 760, 761). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff[s'] complaint and bill of particulars'" (Vargas v Lee, 207 AD3d 684, 685, quoting Wiater v Lewis, 197 AD3d 782, 783; see Ciceron v Gulmatico, 220 AD3d 732, 734). "'[A] defendant's expert's affidavit or affirmation that merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden'" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912, quoting Marsh v City of New York, 191 AD3d 973, 973-974 [internal quotation marks omitted]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, the deposition testimony of the injured plaintiff and Cruz. Cruz testified that the injured plaintiff could only be discharged if there was a "return of bowel function," indicated by passing gas, and that doing so would be "standard medical practice." The injured plaintiff testified that she did not pass gas before leaving the hospital and that she was experiencing other symptoms, such as extreme pain, inability to have a bowel movement, blood in her urine, and inability to ambulate. Moreover, the injured plaintiff's medical records, which were also submitted by the defendants in support of their motion, indicated that, during the last time Cruz saw the injured plaintiff, approximately 2½ hours before she was discharged, the injured plaintiff was not ambulating well, had not passed gas, and was having upper abdominal pain. The defendants also failed to eliminate triable issues of fact regarding whether the injured plaintiff had actually sustained a discernable bowel injury during the November 13th surgery. Thus, the defendants' evidentiary submissions failed to eliminate triable issues of fact regarding the mechanism of the injured plaintiff's injury and whether Cruz improperly discharged the injured plaintiff following the November 13th surgery (see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 913; Martinez v Orange Regional Med. Ctr., 203 AD3d at 913).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The cause of action alleging loss of consortium is derivative in nature (see Sokoloff v Schor, 176 AD3d 120, 133; Taggart v Costabile, 131 AD3d 243, 257). In light of our determination that the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice, the court also should have denied that branch of their motion which was for summary judgment dismissing the cause of action alleging loss of consortium.
In light of the foregoing, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court