Autieri v Rosen (2025 NY Slip Op 04858)

Autieri v Rosen

2025 NY Slip Op 04858

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-10345
 (Index No. 500135/21)

[*1]August Autieri, appellant, 
v
Mitchell K. Rosen, etc., et al., respondents, et al., defendant.

Saracino Morris Law Group PLLC, Harrison, NY (Gregory Saracino and Peter Morris of counsel), for appellant.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Katherine McGerald of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated October 11, 2023. The order granted the motion of the defendants Mitchell K. Rosen, Rojas and Rosen MDS Medical Group, and H and L Rojas, MD, PC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Mitchell K. Rosen, Rojas and Rosen MDS Medical Group, and H and L Rojas, MD, PC, for summary judgment dismissing the complaint insofar as asserted against them is denied.
The defendant Mitchell K. Rosen, as the plaintiff's primary care physician, ordered blood-work panels for the plaintiff in February 2016, March 2017, and August 2018 to test for prostate-specific androgen (hereinafter PSA), among other things. The plaintiff's PSA level was within normal range in February 2016, but his PSA level elevated above the normal range in March 2017, and again in August 2018. In April 2017, Rosen referred the plaintiff to a urologist but made no mention of the plaintiff's elevated PSA level, only listing hematuria as the reason for the referral. In 2019, after leaving Rosen's care and seeking care from a new primary care physician, the plaintiff was referred to another urologist. In November 2019, following a prostate biopsy and more blood work, the plaintiff was diagnosed with prostate cancer.
In January 2021, the plaintiff commenced this action to recover damages for medical malpractice against, among others, Rosen and two medical practices with which he was associated, the defendants Rojas and Rosen MDS Medical Group and H and L Rojas, MD, PC (hereinafter collectively the defendants). In May 2023, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated October 11, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the [*2]plaintiff's injuries" (Khutoryanskaya v Laser & Microsurgery, P.C., 222 AD3d 633, 634; see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 912). "Where a defendant makes a prima facie showing on both elements, 'the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element'" (Gilmore v Mihail, 174 AD3d 686, 687, quoting Stukas v Streiter, 83 AD3d 18, 25; see Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Gilmore v Mihail, 174 AD3d at 687, quoting Feinberg v Feit, 23 AD3d 517, 519; see Palmeiro v Luchs, 202 AD3d 989, 991). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on 'specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759; see Avgi v Policha, 232 AD3d 838, 840).
Here, the defendants established, prima facie, that Rosen did not depart from good and accepted medical practice in treating the plaintiff (see Lopresti v Alzoobaee, 217 AD3d 759, 760; Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 745-746). The defendants' expert affidavit addressed the specific allegations in the plaintiff's bill of particulars and explained that the standard of care for a primary care physician in the scenario herein was to make a referral to a specialist and to allow the specialist to conduct further testing. The defendants' expert explained that Rosen timely referred the plaintiff to a urologist but the plaintiff failed to see the urologist for more than a year after Rosen made the referral. The defendants' expert stated that Rosen, as a primary care physician, did not have a duty to perform further testing on the plaintiff.
In opposition, however, the plaintiff raised a triable issue of fact by submitting the affirmation of an expert, who opined that "[i]t is the referring physician's duty to provide the specialist with all the necessary information to provide a comprehensive specialty consultation." The plaintiff's expert explained that, at the plaintiff's initial consultation with the urologist, the plaintiff's elevated PSA level was not addressed because Rosen failed to inform the first urologist of the plaintiff's elevated PSA level. The plaintiff's expert also stated that Rosen, as a primary care physician, should have ordered another PSA test eight weeks after the initial test to confirm the elevated PSA level, which would have allowed Rosen to better diagnose the plaintiff.
The defendants failed to establish, prima facie, that any alleged departure did not proximately cause the plaintiff's injuries. The defendants' expert's conclusory assertion that "the existence of the plaintiff's prostate cancer, and the course it followed, were wholly unrelated to the care administered" by Rosen was insufficient to establish that Rosen's alleged negligence did not proximately cause or exacerbate the plaintiff's injuries (see Mylar v Niagara Falls Mem. Med. Ctr., 234 AD3d 1262, 1265, lv granted 239 AD3d 1496; Prunty v Mehta, 223 AD3d 760, 762). Because there are conflicting expert opinions as to whether Rosen's actions departed from good and accepted medical practice, and the defendants failed to establish, prima facie, that Rosen's alleged negligence did not proximately cause the plaintiff's injuries, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see Rodriguez v Avshalumov, 238 AD3d 1082, 1083-1084; Revellino v Haimovic, 216 AD3d 687, 689).
Accordingly, we reverse the order and deny the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court