■ Felicia Ross-Germain, as Administratrix of the Estate of Frances Perry, Deceased, Respondent, v Millennium Medical Services, P.C., et al., Defendants, and Stanley Sprecher, M.D., Appellant. [40 NYS3d 478]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Stanley Sprecher appeals from an order of the Supreme Court, Kings County (Jacobson, J.), entered October 8, 2015, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants to recover damages for, inter alia, medical malpractice and wrongful death, alleging that they failed to timely and properly diagnose the presence of renal carcinoma in the plaintiff's decedent during the course of her treatment between 2003-2005. The defendant Stanley Sprecher was a radiologist who interpreted a sonogram of the plaintiff's decedent's kidneys performed on March 15, 2005, as "normal." The plaintiff claimed that her decedent's condition was not properly diagnosed until June 29, 2005. On September 17, 2006, the plaintiff's decedent died.

Prior to the completion of discovery, Sprecher moved for summary judgment dismissing the complaint insofar as asserted against him. In support of his motion, Sprecher submitted, among other things, his own expert medical affidavit. Sprecher stated that the video of the subject sonogram had not been located and was not available for his review and averred that, based on his review of 10 pictures from the sonogram video that were still available to him, as well as the report which he had initially prepared, he appropriately interpreted the sonogram performed on the plaintiff's decedent, and properly reported his findings and opinion that it was a normal examination. He further averred that he did not depart from the standard of care as a radiologist in his interpretation of this study. The Supreme Court denied Sprecher's motion, concluding that Sprecher failed to make a prima facie showing of entitlement to judgment as a matter of law.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 959 [2015]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1054 [2011]). Thus, in moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d at 960; *see Matos v Khan*, 119 AD3d 909 [2014]; *Stukas v Streiter*, 83 AD3d at 23). "Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her

complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law" (*Bendel v Rajpal*, 101 AD3d 662, 663 [2012]).

Here, the Supreme Court correctly determined that Sprecher failed to establish, prima facie, that his treatment of the decedent did not depart from the requisite standard of care. Sprecher's affidavit lacks detail and specificity regarding his methods and findings. Sprecher reviewed only the photographs of the sonogram video and his own brief sonogram report dated March 17, 2005, before concluding that he properly interpreted the sonogram. He failed to address how, in reviewing these limited documents, he concluded that the sonogram performed on the plaintiff's decedent was properly conducted. Sprecher submitted only bare conclusory statements that he properly interpreted the sonogram as "normal." Furthermore, Sprecher failed to specify the acceptable standards of medical care applicable to him at the time of the claimed malpractice, and failed to explain how he did not deviate or depart therefrom (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kaous v Lutheran Med. Ctr.*, 138 AD3d 1065, 1067 [2016]; *Zapata v Buitriago*, 107 AD3d 977, 978 [2013]).

Accordingly, the Supreme Court properly denied Sprecher's motion for summary judgment, regardless of the sufficiency of the plaintiffs' submissions in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Reiss v Sayegh*, 123 AD3d 787, 789 [2014]). Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.