Kogan v Bizekis (2020 NY Slip Op 00851)





Kogan v Bizekis


2020 NY Slip Op 00851


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-08423
 (Index No. 18451/11)

[*1]Lyudmila Kogan, etc., respondent, 
v
Costas Bizekis, etc., et al., appellants, et al., defendants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for appellants.
Mark M. Basichas (Alexander J. Wulwick, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Costas Bizekis and NYU Medical Center appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), entered June 16, 2017. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing so much of the sixth cause of action as alleged negligent post-discharge care insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 29, 2010, Arkadiy Kogan (hereinafter the decedent) underwent an esophageal stent procedure performed by the defendant Costas Bizekis during an admission to the defendant NYU Medical Center. On March 30, 2010, the decedent was discharged from the hospital and provided with discharge instructions to contact his physician if he experienced particular symptoms. The decedent died on April 5, 2010.
The plaintiff subsequently commenced this action against Bizekis and the hospital (hereinafter together the defendants), and others, to recover damages for medical malpractice and wrongful death. Insofar as is relevant to this appeal, the sixth cause of action, as supplemented by the bill of particulars, alleges, inter alia, that, between March 28, 2010, and April 5, 2010, the defendants, their agents and employees were negligent in their post-discharge care of the decedent, and that such negligence resulted in his death. After issue was joined, the defendants moved, inter alia, for summary judgment dismissing so much of the sixth cause of action as alleged negligent post-discharge care insofar as asserted against them. The Supreme Court denied that branch of the motion, and the defendants appeal.
In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries (see Smarkucki v Kleinman, 171 AD3d 1118; Hernandez v Nwaishienyi, 148 AD3d 684, 686; Macias v Ferzli, 131 AD3d 673, 675; Seiden v Sonstein, 127 AD3d 1158, 1160; Stukas v Streiter, 83 AD3d 18, 24; Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1044). "In order to sustain this prima facie burden, the [*2]defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235; see Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1045; Ticali v Locascio, 24 AD3d 430, 431). "In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and the plaintiff need only raise a triable issue of fact regarding the element or elements on which the defendant has made its prima facie showing" (Smarkucki v Kleinman, 171 AD3d at 1119 [citation and internal quotation marks omitted]).
Here, in moving for summary judgment, the defendants did not assert any arguments to address and rebut the specific allegations of malpractice set forth in the complaint and bill of particulars regarding their allegedly improper care of the decedent following his discharge from the hospital. Inasmuch as they did not address those allegations, the defendants failed to demonstrate their prima facie entitlement to summary judgment dismissing so much of the sixth cause of action as alleged negligent post-discharge care insofar as asserted against them (see Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d at 1235; Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1045; Ticali v Locascio, 24 AD3d at 431). Accordingly, we agree with the Supreme Court's determination denying that branch of their motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Smarkucki v Kleinman, 171 AD3d at 1119; Bongiovanni v Cavagnuolo, 138 AD3d 12).
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court