Marsh v City of New York (2021 NY Slip Op 08178)





Marsh v City of New York


2021 NY Slip Op 08178


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-03540
 (Index No. 101947/13)

[*1]Denise Marsh, etc., et al., appellants, 
v
City of New York, et al., defendants, Staten Island University Hospital, respondent.


Efrom J. Gross (Ephrem J. Wertenteil, New York, NY, of counsel), for appellants.
Gerspach Sikoscow LLP, New York, NY (Alexander Sikoscow and Kristen J. Halford of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 13, 2019. The order, insofar as appealed from, granted the motion of the defendant Staten Island University Hospital for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The decedent was diagnosed with asthma at an early age and used a nebulizer as needed. On the evening of November 27, 2012, the decedent, then seven years old, told her mother, the plaintiff Denise Marsh, that she could not breathe, which prompted Marsh to administer the nebulizer treatment and call the 911 emergency number. Paramedics arrived shortly thereafter and transported the decedent to the defendant Staten Island University Hospital (hereinafter SIUH), where she died that evening. The autopsy report stated that the cause of death was "acute bronchial asthma."
The plaintiffs commenced this action against SIUH, among others, alleging, inter alia, that the paramedics, as agents of SIUH, were negligent in failing to timely perform CPR on the decedent, which resulted in the decedent's death. Following discovery, SIUH moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated February 13, 2019, the Supreme Court, among other things, granted SIUH's motion. The plaintiffs appeal.
"[T]he requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (Raucci v Shinbrot, 127 AD3d 839, 841). "[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d 18, 24). A defendant's expert's affidavit or affirmation that "merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice" is insufficient to meet this burden (Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784, 784; see Couch v County [*2]of Suffolk, 296 AD2d 194, 198). In opposing the motion, a plaintiff "must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). A plaintiff's expert's affidavit or affirmation "that is conclusory or speculative is insufficient to raise a triable issue of fact in opposition to a defendant's prima facie showing of entitlement to judgment as a matter of law in a medical malpractice action" (Barrocales v New York Methodist Hosp., 122 AD3d 648, 649; see Gillespie v New York Hosp. Queens, 96 AD3d 901, 902).
Here, SIUH established its prima facie entitlement to judgment as a matter of law through the affirmation of its expert, a physician certified in pediatric advanced life support, whose opinion was based upon, among other things, his review of the decedent's medical records and the deposition testimony of the parties. While the affirmation failed to demonstrate, prima facie, that SIUH's paramedics treated the decedent in accordance with good and accepted standards of medical practice (see Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 660; Savage v Franco, 35 AD3d 581, 583), SIUH's expert nevertheless established, prima facie, that any departure was not a proximate cause of the decedent's death (see Aliosha v Ostad, 153 AD3d 591, 593; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289-1290). In opposition, the plaintiffs failed to raise a triable issue of fact. On the issue of proximate cause, both of the plaintiffs' expert affirmations were conclusory and speculative, and failed to address the specific assertion by SIUH's expert that the decedent's death was a result of brittle asthma and mucus plugging in the decedent's lungs (see Tsitrin v New York Community Hosp., 154 AD3d 994, 996-997; Hernandez v Nwaishienyi, 148 AD3d 684, 686).
Accordingly, the Supreme Court properly granted SIUH's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court