Huichun Feng v Accord Physicians, PLLC (2021 NY Slip Op 03024)





Huichun Feng v Accord Physicians, PLLC


2021 NY Slip Op 03024


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09976
 (Index No. 512282/14)

[*1]Huichun Feng, appellant, 
v
Accord Physicians, PLLC, etc., et al., respondents. Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.


Pollack Solomon Duffy LLP, New York, NY (Phillip Rakhunov of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 17, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On August 4, 2014, the then 70-year-old plaintiff presented at the offices of the defendants, Accord Physicians, PLLC, and Vitaly Raykhman, after being referred for an elevated level of prostate-specific antigen. On August 13, 2014, Raykhman performed a transrectal prostate biopsy on the plaintiff. Following the procedure, the plaintiff used the bathroom and observed blood from his rectum in the toilet bowl. The plaintiff notified the defendants' Mandarin-speaking interpreter, who informed Raykhman. Raykhman looked in the toilet bowl and relayed to the interpreter that this was a normal amount of blood from the procedure. A few minutes later, the plaintiff again used the toilet, and discharged even more blood from his rectum. Raykhman was again informed and again relayed that this was normal, and instructed the plaintiff to go home. The plaintiff then left the defendants' offices. While at the subway station, the plaintiff experienced more bleeding. An ambulance was called and the plaintiff was transported to the hospital, where he was given a blood transfusion and underwent surgery at the site of the biopsy to repair a laceration.
In his complaint, the plaintiff asserted causes of action alleging medical malpractice and lack of informed consent. Specifically, the plaintiff alleged that Raykhman departed from accepted standards of medical practice by failing to properly perform the transrectal biopsy procedure and by discharging him without conducting a proper physical examination despite his repeated complaints of bleeding from his rectum. Following depositions of the plaintiff and Raykhman, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. By order dated August 17, 2017, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from [*2]accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Longhi v Lewit, 187 AD3d 873, 877 [internal quotation marks omitted]). Consequently, on a motion for summary judgment in a medical malpractice case, the defendant physician must come forward with evidence in admissible form establishing, prima facie, either that he or she did not deviate from good and accepted medical practice, or that, if there was such a departure, it was not a proximate cause of the plaintiff's injuries (see Rosario v Our Lady of Consolation Nursing & Rehabilitation Care Ctr., 186 AD3d 1426; Myers v Ferrara, 56 AD3d 78, 83). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Kogan v Bizekis, 180 AD3d 659, 660; see Smarkucki v Kleinman, 171 AD3d 1118, 1119 [internal quotation marks omitted]). "Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law" (Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 659-660 [internal quotation marks omitted]). The failure to make such prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Here, viewing the evidence in the light most favorable to the nonmoving plaintiff (see Stukas v Streiter, 83 AD3d 18, 22), the defendants failed to establish their prima facie entitlement to summary judgment dismissing the complaint. The affidavit of the defendants' expert failed to address and rebut the specific allegations of malpractice set forth in the complaint and bill of particulars (see Kogan v Bizekis, 180 AD3d at 660), and failed to eliminate all triable issues of fact as to whether Raykhman properly performed the transrectal biopsy procedure and properly discharged the plaintiff despite his repeated complaints of bleeding from his rectum, and whether these alleged departures from good and accepted medical practice were a proximate cause of the plaintiff's injuries (see Smarkucki v Kleinman, 171 AD3d at 1119). The defendants' failure to satisfy the prima facie burden requires the denial of that branch of their motion which was for summary judgment dismissing the medical malpractice cause of action, regardless of the sufficiency of the opposing papers (see Kogan v Bizekis, 180 AD3d at 660; Oliver v New York City Health & Hosps. Corp., 178 AD3d 1057; Smarkucki v Kleinman, 171 AD3d at 1119).
"To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Godel v Goldstein, 155 AD3d 939, 941-942 [internal quotation marks omitted]; see Public Health Law § 2805-d; Dyckes v Stabile, 153 AD3d 783, 785). "The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law" (Schussheim v Barazani, 136 AD3d 787, 789).
Here, the defendants failed to submit proof sufficient to establish, prima facie, that the plaintiff was informed of the reasonably foreseeable risks associated with the treatment, or that a reasonably prudent patient in the same position would have undergone the treatment if he or she had been fully informed (see Dyckes v Stabile, 153 AD3d at 785; Koi Hou Chan v Yeung, 66 AD3d 642). Since the defendants failed to eliminate all triable issues of fact, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court