Ojeda v Barabe (2022 NY Slip Op 00870)





Ojeda v Barabe


2022 NY Slip Op 00870


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-07777
 (Index No. 501515/13)

[*1]Martha Gutierrez Ojeda, etc., et al., appellants, et al., plaintiffs, 
v
David N. Barabe, etc., et al., respondents, et al., defendants.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellants.
Dopf, P.C., New York, NY (Martin B. Adams of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs Martha Gutierrez Ojeda and Efrain Delgado Castro appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 13, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants David N. Barabe, Shakeel A. Usmani, and Lutheran Medical Center which were for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against the defendant David N. Barabe and so much of the complaint as alleged that Lutheran Medical Center was vicariously liable for the alleged medical malpractice of the defendant David N. Barabe.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants David N. Barabe, Shakeel A. Usmani, and Lutheran Medical Center which were for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against the defendant David N. Barabe and so much of the complaint as alleged that Lutheran Medical Center was vicariously liable for the alleged medical malpractice of the defendant David N. Barabe are denied.
The decedent, who was 36 years old, arrived at the emergency department of the defendant Lutheran Medical Center (hereinafter Lutheran) at 1:12 a.m. on July 5, 2012, complaining of a migraine headache lasting for one day. She was examined by the defendant David N. Barabe and discharged later that morning with a diagnosis of migraine headache. After follow-up visits to her primary care provider and another visit to Lutheran's emergency department with complaints of a constant headache, the decedent died on July 28, 2012, of a subarachnoid hemorrhage (bleeding in the space surrounding the brain).
In March 2013, this action was commenced against, among others, Lutheran, Barabe, and Shakeel A. Usmani, a physician who evaluated the decedent during her second visit to the emergency department (hereinafter collectively the Lutheran defendants), alleging, inter alia, that Barabe departed from the accepted standard of care in failing to obtain a proper medical history and failing to order necessary diagnostic tests that would have revealed the decedent's condition, and that Lutheran was vicariously liable for Barabe's medical malpractice. The Lutheran defendants moved, [*2]among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 13, 2019, the Supreme Court, inter alia, granted those branches of the Lutheran defendants' motion which were for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Barabe and so much of the complaint as alleged that Lutheran was vicariously liable for Barabe's alleged medical malpractice. This appeal ensued.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). "A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Agostini v Varughese, 190 AD3d 799, 801 [internal quotation marks omitted]; see Wodzenski v Eastern Long Is. Hosp., 170 AD3d 925, 927). "Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796 [internal quotation marks omitted]; see Garcia-DeSoto v Velpula, 164 AD3d 474, 474; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 660). The failure to make such a prima facie showing requires the denial of the defendant's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 796).
Here, the Lutheran defendants' submissions were insufficient to establish Barabe's prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him. The opinion of their expert with respect to the absence of a departure from the accepted standard of care failed, among other things, to address the plaintiffs' allegation that Barabe departed from the accepted standard of care in failing to order necessary diagnostic tests (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 796; Stiso v Berlin, 176 AD3d 888, 890). In addition, the expert did not specify the accepted standard of medical care applicable to Barabe and failed to explain how Barabe did not depart from that standard (see Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d at 660; Tomeo v Beccia, 127 AD3d 1071, 1072). Moreover, the expert proffered only the most conclusory assertions regarding the absence of a causal link between Barabe's alleged departures and the injuries sustained by the decedent (see Stiso v Berlin, 176 AD3d at 890; see also Pullman v Silverman, 28 NY3d 1060, 1062).
Accordingly, the Supreme Court should have denied those branches of the Lutheran defendants' motion which were for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Barabe and so much of the complaint as alleged that Lutheran was vicariously liable for Barabe's alleged medical malpractice, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court