McCarthy v Ashikari (2022 NY Slip Op 03719)

McCarthy v Ashikari

2022 NY Slip Op 03719

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-11966
2020-04112
 (Index No. 52255/17)

[*1]Allison McCarthy, et al., respondents,
v
Andrew Ashikari, etc., et al., appellants, et al., defendant.

Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Evan J. Lyman of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Jason C. Molesso of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Andrew Ashikari and Ashikari Breast Center appeal from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated September 9, 2019, and (2) an order of the same court dated March 6, 2020. The order dated September 9, 2019, insofar as appealed from, denied those branches of the motion of the defendants Andrew Ashikari and Ashikari Breast Center which were for summary judgment dismissing so much of the complaint as was based upon allegations of negligent failure to provide chemotherapy and adequate postoperative treatment insofar as asserted against them. The order dated March 6, 2020, denied the motion of the defendants Andrew Ashikari and Ashikari Breast Center for leave to reargue those branches of their prior motion which were for summary judgment dismissing so much of the complaint as was based upon allegations of negligent failure to provide chemotherapy and adequate postoperative treatment insofar as asserted against them.
ORDERED that the appeal of the order dated March 6, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 9, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In September 2013, the plaintiff Allison McCarthy (hereinafter the injured plaintiff) presented to the defendants Andrew Ashikari and Ashikari Breast Center (hereinafter together the defendants) after she was diagnosed with breast cancer. Ashikari, a surgical oncologist, thereafter performed a bilateral mastectomy on the injured plaintiff. After the procedure, Ashikari advised the injured plaintiff that it was his opinion that no chemotherapy, radiation, or hormonal therapy treatment was necessary. Ashikari then referred the injured plaintiff to a medical oncologist, nonparty Tauseef Ahmed, who also advised the injured plaintiff that chemotherapy was not [*2]necessary. The injured plaintiff continued to present to Ashikari for postoperative care after her visit to Ahmed. In January 2016, the injured plaintiff was diagnosed with a reoccurrence of breast cancer.
In February 2017, the plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants. The defendants thereafter moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated September 9, 2019, the Supreme Court granted the defendants' motion with respect to the allegations set forth in the plaintiffs' bill of particulars that the defendants failed to refer the injured plaintiff for an oncology consultation and order a post-mastectomy mammogram, but denied the motion as to the remaining allegations concerning the defendants' alleged failure to provide chemotherapy or adequate postoperative treatment, on the ground the defendants failed to address those allegations in their moving papers. The defendants thereafter moved for leave to reargue those branches of their motion which were for summary judgment dismissing so much of the complaint as was based upon allegations of negligent failure to provide chemotherapy and adequate postoperative treatment insofar as asserted against them. In an order dated March 6, 2020, the court denied the defendants' motion for leave to reargue. The defendants appeal.
"'Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient'" (Cooper v City of New York, 200 AD3d 849, 851, quoting Meade v Yland, 140 AD3d 931, 933 [internal quotation marks omitted]). "The existence and scope of a physician's duty of care is a question of law to be determined by the court" (Cooper v City of New York, 200 AD3d at 851). "'[T]he question of whether a physician owes a duty to the plaintiff is a question for the court, and is not an appropriate subject for expert opinion'" (Mann v Okere, 195 AD3d 910, 912, quoting Donnelly v Parikh, 150 AD3d 820, 822).
Contrary to the defendants' contention, they failed to establish, prima facie, that their duty of care did not extend to the departures alleged by the plaintiffs. The record demonstrates that, although Ashikari referred the injured plaintiff to Ahmed for a consultation regarding chemotherapy, Ashikari involved himself in the decision not to administer chemotherapy, as he advised the injured plaintiff both before and after her visit to Ahmed that he did not believe chemotherapy was necessary (see Lindenbaum v Federbush, 144 AD3d 869, 870; Trauring v Gendal, 121 AD3d 1097, 1098; Olgun v Cipolla, 82 AD3d 1186, 1187). The opinion of the defendants' expert that Ashikari's duty of care to the injured plaintiff did not extend to the treatment provided by Ahmed is insufficient to establish the defendants' prima facie entitlement to judgment as a matter of law, as whether Ashikari owed the injured plaintiff a duty is a question for the court and "not an appropriate subject for expert opinion" (Burns v Goyal, 145 AD3d 952, 954, mod 30 NY3d 956 [internal quotation marks omitted]; see Matthis v Hall, 173 AD3d 1162, 1163; Burtman v Brown, 97 AD3d 156, 161).
Moreover, the defendants failed to demonstrate that Ashikari's postoperative care did not depart from the accepted standard of care. The defendants' expert, in his affidavit, opined in a general and conclusory fashion that Ashikari's care and postoperative surveillance of the injured plaintiff met the standard of care, but failed to explain the standard of care applicable to Ashikari or how he met it. In addition, the expert's opinion failed, among other things, to specifically address the plaintiffs' allegations that the defendants failed to conduct interval history and a physical examination every six months, failed to properly observe and monitor the injured plaintiff, failed to institute a surveillance plan, and failed to follow up with the injured plaintiff (see Ojeda v Barabe, 202 AD3d 808; Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 660).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court