Ciceron v Gulmatico (2023 NY Slip Op 05117)

Ciceron v Gulmatico

2023 NY Slip Op 05117

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-03249
 (Index No. 2635/13)

[*1]Brunon Ciceron, et al., respondents,
v
Constantino . Gulmatico, etc., et al., appellants, et al., defendants.

Dwyer & Taglia, Valhalla, NY (Peter R. Taglia of counsel), for appellant Constantino V. Gulmatico.
Amabile & Erman, P.C., Staten Island, NY (Irene Ziegler and Chaya Gourarie of counsel), for appellant Samanthi Raju.
Robert G. Leino, New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the defendant Constantino V. Gulmatico appeals, and the defendant Samanthi Raju separately appeals, from an amended order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 7, 2021. The amended order, insofar as appealed from by the defendant Constantino V. Gulmatico, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. The amended order, insofar as appealed from by the defendant Samanthi Raju, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent insofar as asserted against her.
ORDERED that the amended order is affirmed insofar as appealed from by the defendant Constantino V. Gulmatico; and it is further,
ORDERED that the amended order is reversed insofar as appealed from by the defendant Samanthi Raju, on the law, and that branch of that defendant's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent insofar as asserted against her is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Constantino V. Gulmatico, and one bill of costs is awarded to the defendant Samanthi Raju, payable by the plaintiffs.
The plaintiff Brunon Ciceron (hereinafter the plaintiff), and his wife suing derivatively, commenced this action against, among others, the defendants Constantino V. Gulmatico and Samanthi Raju, inter alia, to recover damages for medical malpractice and lack of informed consent arising out of surgeries performed on the plaintiff on March 28, 2011, and September 27, 2011. The surgery on March 28, 2011, was performed by Gulmatico at the defendant Beth Israel Medical Center, and involved the placement of mesh to repair a hernia. The surgery on September [*2]27, 2011, was performed by Raju at the defendant the Brooklyn Hospital Center, and was intended to be a radical prostatectomy to treat the plaintiff's prostate cancer that had been diagnosed in August 2011. However, the September 27, 2011 surgery was aborted by Raju after she allegedly discovered intraoperatively that the mesh placed by Gulmatico during the March 28, 2011 surgery had migrated in such a manner that the plaintiff's prostate could not be safely removed. The plaintiff's prostate cancer was thereafter treated with radiation therapy. The pleadings alleged, among other things, that Gulmatico failed to properly implant the mesh during the March 28, 2011 surgery, and that Raju failed to discuss treatment alternatives to the radical prostatectomy for the plaintiff's prostate cancer prior to the September 27, 2011 surgery.
Following discovery, Raju moved for summary judgment dismissing the complaint insofar as asserted against her, and Gulmatico separately moved for summary judgment dismissing the complaint insofar as asserted against him. In an amended order dated April 7, 2021, the Supreme Court, inter alia, denied Gulmatico's motion, and denied that branch of Raju's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent insofar as asserted against her. Gulmatico and Raju separately appeal.
The Supreme Court properly denied Gulmatico's motion for summary judgment dismissing the complaint insofar as asserted against him. "'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Sunshine v Berger, 214 AD3d 1020, 1022, quoting Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716; accord Hayden v Gordon, 91 AD3d 819, 820). "A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact with respect to at least one of these elements" (DiLorenzo v Zaso, 148 AD3d 1111, 1112 [citation and internal quotation marks omitted]; see Hayden v Gordon, 91 AD3d at 820-821). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796, quoting Kogan v Bizekis, 180 AD3d 659, 660; see Mackauer v Parikh, 148 AD3d 873, 876). A defendant's failure to satisfy this prima facie burden requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 797).
Here, viewing the evidence in the light most favorable to the plaintiffs (see Stukas v Streiter, 83 AD3d 18, 22), Gulmatico failed to eliminate all triable issues of fact as to whether he deviated from accepted medical practice in performing the hernia surgery on March 28, 2011, including whether he failed to properly implant the mesh. The opinion of Gulmatico's expert that Gulmatico did not depart from the standard of care was conclusory, failed to adequately address conflicting evidence in the record as to the mesh migration, and was otherwise insufficient to refute the allegations set forth in the bill of particulars (see Faicco v Golub, 91 AD3d 817, 818). Contrary to Gulmatico's contention, the allegation in the bill of particulars that he "fail[ed] to properly implant the mesh" was sufficient to set forth the plaintiffs' theory of mesh migration (see Mackauer v Parikh, 148 AD3d at 878; Shanoff v Golyan, 139 AD3d 932, 934). Since Gulmatico failed to eliminate all triable issues of fact, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the Supreme Court should have granted that branch of Raju's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent insofar as asserted against her. "'To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Cox v Herzog, 192 AD3d 757, 758, quoting Gilmore v Mihail, 174 AD3d 686, 688).
Here, Raju's submissions, including her deposition testimony, the plaintiff's deposition testimony, the plaintiff's medical records, the written consent form signed by the plaintiff, and the affirmation of Raju's expert, were sufficient to establish, prima facie, that the plaintiff was informed of the reasonably foreseeable risks, benefits, and alternatives to the radical prostatectomy surgery, and that a reasonably prudent patient in the plaintiff's position would not have declined to undergo the surgery had he or she been fully informed (see Pirri-Logan v Pearl, 192 AD3d 1149, 1151; Zapata v Buitriago, 107 AD3d 977, 979-980; Johnson v Staten Is. Med. Group, 82 AD3d 708, 709). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the Supreme Court should have granted that branch of Raju's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent insofar as asserted against her.
Gulmatico's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court