Prunty v Mehta (2024 NY Slip Op 00202)

Prunty v Mehta

2024 NY Slip Op 00202

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-02611
 (Index No. 1548/17)

[*1]Teameia Prunty, respondent, 
v
Ashesh Dinesh Mehta, etc., et al., appellants.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Bhalinder L. Rikhye of counsel), for appellants.
Mitchell J. Rich (Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered January 17, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 30, 2015, the defendant Ashesh Dinesh Mehta performed a laminotomy and microdiscectomy on the plaintiff at the defendant North Shore University Hospital in order to relieve the plaintiff's lower back pain. After that surgery, the plaintiff woke up with "unbearable" pain in her lower back, which persisted. A postoperative MRI revealed some evidence of residual or reherniated disc material pressing on the nerve root where the surgery was performed. On November 5, 2015, Mehta performed a full laminectomy and removed additional disc material from under the same nerve root, and the plaintiff woke up with no feeling in her lower right leg. Mehta performed two additional surgeries on the plaintiff's back, again on November 5, 2015, and November 19, 2015, but the plaintiff's condition did not improve.
The plaintiff subsequently commenced this action, alleging, in the first cause of action that Mehta's negligent performance of a laminectomy on October 30, 2015, caused her to sustain severe personal injuries. She also alleged in her amended bill of particulars that the negligence occurred during Mehta's performance of a laminectomy and discectomy on November 5, 2015.
The defendants moved, inter alia, for summary judgment dismissing the first cause of action. In support of their motion, the defendants submitted, among other things, the affirmation of their expert, who opined, in relevant part, that Mehta properly performed a right L5 laminotomy and a right L5-S1 lumbar microdiscectomy on October 30, 2015, and that he properly performed an L5 laminectomy and a discectomy at L5-S1 on November 5, 2015. The expert further opined that even if Mehta injured the plaintiff's L5-S1 nerve, it was "not medically plausible" for that injury to have caused injuries to parts of the plaintiff's body innervated by the S2-S4 and L2-L4 nerve roots. However, despite claiming that Mehta did not cause the plaintiff's alleged injuries, the expert offered no explanation as to how these injuries could have otherwise occurred.
In an order entered January 17, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action. The defendants appeal.
"In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing . . . that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Kogan v Bizekis, 180 AD3d 659, 660). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Bacalan v St. Vincents Catolic Med. Ctrs. of N.Y., 179 AD3d 989, 991-992 [emphasis omitted]). "'Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific . . . particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law'" (Ojeda v Barabe, 202 AD3d 808, 810, quoting Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Kogan v Bizekis, 180 AD3d at 661; cf. Townsend v Vaisman, 203 AD3d 1199, 1201-1202; Lancia v Good Samaritan Hosp., 201 AD3d 913, 915). The defendants' expert's conclusory assertion "that there were no acts or omissions by the Defendants that were the proximate cause of the injuries alleged" was insufficient to eliminate triable issues of fact as to whether the defendants' negligence proximately caused the unexplained injuries that the plaintiff allegedly sustained while anesthetized (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Ojeda v Barabe, 202 AD3d at 810).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court