Badescu v Lewis (2025 NY Slip Op 00645)

Badescu v Lewis

2025 NY Slip Op 00645

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-07570
 (Index No. 616769/18)

[*1]Ruxandra Badescu, etc., appellant, 
v
Ronald Lewis, etc., et al., respondents.

Levine & Grossman, Mineola, NY (Steven Sachs and Paul Montuori of counsel), for appellant.
Ellenberg Gannon Henninger & Fitzmaurice, LLP, New York, NY (Stacy Fitzmaurice and Sophia Yu-Jung Shih of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 6, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff, individually and as mother and natural guardian of B. N., commenced this action against the defendants, alleging, inter alia, medical malpractice with respect to treatment B. N. received from the defendant Ronald Lewis in January 2017. As amplified by the bill of particulars, the plaintiff alleged, among other things, that Lewis failed to diagnose an aneurysmal bone cyst or bone lesion in B. N.'s left fibula. The bone cyst went untreated for several months, and in September 2017, B. N. underwent intensive surgery at Memorial Sloan Kettering to remove it. The plaintiff alleged that as a result of the defendants' medical malpractice, B. N. has sustained permanent injuries. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated June 6, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Ciceron v Gulmatico, 220 AD3d 732, 734 [internal quotation marks omitted]; see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796). "A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact with respect to at least one of these elements" (DiLorenzo v Zaso, 148 AD3d 1111, 1112 [citation and internal quotation marks omitted]; see Glassman v Caremount Med., P.C., 226 AD3d 878, 879). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 796; see Mattocks v Ellant, 231 AD3d 813, 815). "Similarly, general allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for [*2]summary judgment" (Bendel v Rajpal, 101 AD3d 662, 663 [alterations and internal quotation marks omitted]; see Wei Lin v Sang Kim, 168 AD3d 788, 788). A defendant's failure to satisfy this prima facie burden requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Ojeda v Barabe, 202 AD3d 808, 810).
Here, the defendants' submissions were insufficient to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. The opinion of the defendants' expert with respect to the absence of a departure from the accepted standard of care failed, inter alia, to address the evidence in the record that a bone lesion was visible on the X-ray reviewed by Lewis in January 2017 (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 797; Wei Lin v Sang Kim, 168 AD3d at 788-789). Relatedly, the expert also failed to specifically address the plaintiff's allegation that Lewis failed to diagnose a bone lesion during the January 2017 visit (see McCarthy v Ashikari, 206 AD3d 718, 721; Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 797).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court