Sanchez v Ashraf (2025 NY Slip Op 02803)

Sanchez v Ashraf

2025 NY Slip Op 02803

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11673
 (Index No. 4363/19)

[*1]Anna Sanchez, et al., appellants, 
v
Wasik Ashraf, etc., et al., respondents, et al., defendant.

Nguyen Leftt, P.C., New York, NY (Stephen D. Chakwin, Jr., of counsel), for appellants.
Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for respondents Wasik Ashraf and Orthopedics & Sports Medicine, P.C.
Arciero & Burgess, P.C., New Windsor, NY (Kristin L. Doyle of counsel), for defendant St. Luke's Cornwall Hospital.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated October 26, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants Wasik Ashraf and Orthopedics & Sports Medicine, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Wasik Ashraf and Orthopedics & Sports Medicine, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against them are denied.
In September 2016, the plaintiff Anna Sanchez (hereinafter the injured plaintiff) underwent a total right knee replacement surgery performed by the defendant Wasik Ashraf. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against Ashraf and his employer, the defendant Orthopedics & Sports Medicine, P.C. (hereinafter OSM), among others, alleging, inter alia, that Ashraf was negligent in his performance of the total right knee replacement surgery. Following the completion of discovery, Ashraf and OSM (hereinafter together the defendants) moved, among other things, for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against them. In an order dated October 26, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiffs appeal.
"'On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure'" (Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1171, quoting Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655; see Huichun Feng v Accord [*2]Physicians, PLLC, 194 AD3d 795, 796). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d at 796, quoting Kogan v Bizekis, 180 AD3d 659, 660; see George v Plotnitskiy, 222 AD3d 730, 731). "[A] defendant health care practitioner's own affidavit may be used to establish his or her prima facie entitlement to summary judgment" (Bongiovanni v Cavagnuolo, 138 AD3d 12, 20). "However, '[a] defendant's expert's affidavit or affirmation that merely recount[s] the treatment rendered and opine[s] in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden'" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted], quoting Marsh v City of New York, 191 AD3d 973, 973-974; see Nodar v Pascaretti, 200 AD3d 697, 699).
Here, the defendants failed to establish, prima facie, that Ashraf did not depart from the applicable standard of care in treating the injured plaintiff or that any such departure did not proximately cause the injured plaintiff's injuries. An expert affidavit of Ashraf submitted by the defendants in support of their motion failed to address specific allegations of negligence asserted by the plaintiffs, including whether Ashraf departed from the applicable standard of care in placing a 14-millimeter polyethylene component during the September 2016 surgery, as opposed to a smaller size, and whether such departure was a proximate cause of the injured plaintiff's injuries (see Martinez v Orange Regional Med. Ctr., 203 AD3d at 913; Wodzenski v Eastern Long Is. Hosp., 170 AD3d 925, 927). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of services insofar as asserted against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court