Delos-Santos v Kaisman (2025 NY Slip Op 07377)

Delos-Santos v Kaisman

2025 NY Slip Op 07377

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-05901
 (Index No. 500375/19)

[*1]Yissel Delos-Santos, respondent, 
vArden Kaisman, etc., appellant, et al., defendants.

Bennett Bricklin & Saltzburg, LLC (Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY [Elliott J. Zucker and Jacob Bentley], of counsel), for appellant.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the defendant Arden Kaisman appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 11, 2023. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In December 2018, the plaintiff commenced this action against the defendant Arden Kaisman (hereinafter the defendant), among others, inter alia, to recover damages for medical malpractice and lack of informed consent. The amended complaint and the bill of particulars alleged, among other things, that the defendant performed an endoscopic lumbar discectomy on the right side of the plaintiff's body, despite the plaintiff seeking treatment to address pain and discomfort on the left side of her body, and failed to take appropriate postoperative measures to mitigate any nerve damage. The amended complaint and the bill of particulars further alleged that the defendant failed to inform her of the possible risks associated with preforming an endoscopic lumbar discectomy.
Following the completion of discovery, the defendant moved for summary judgment dismissing the amended complaint insofar as asserted against him. In an order dated April 11, 2023, the Supreme Court denied the motion. The defendant appeals.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (M.T. v Lim, 203 AD3d 778, 778 [internal quotation marks omitted]). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Fairchild v Lerner, 229 AD3d 506, 508 [internal quotation marks omitted]). "Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law" [*2](Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796 [internal quotation marks omitted]; see Prunty v Mehta, 223 AD3d 760, 761-762). The failure to make such a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Huichung Feng v Accord Physicians, PLLC, 194 AD3d at 796).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him. The affidavit of the defendant's expert failed to address and rebut all of the specific allegations of medical malpractice set forth in the amended complaint and verified bill of particulars and thereby, failed to eliminate all triable issues of fact as to whether the defendant properly performed the endoscopic lumbar discectomy and whether the alleged departures from good and accepted medical practice were a proximate cause of the plaintiff's alleged injuries (see Huichung Feng v Accord Physicians, PLLC, 194 AD3d at 797).
Regarding the cause of action alleging lack of informed consent insofar as asserted against the defendant, "[t]he mere fact that the plaintiff signed a consent form does not establish the defendant['s] prima facie entitlement to judgment as a matter of law" (Fairchild v Lerner, 229 AD3d at 509 [internal quotation marks omitted]; see Mattocks v Ellant, 231 AD3d 813, 817). However, "[a] defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery, or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury" (Mattocks v Ellant, 231 AD3d at 817 [internal quotation marks omitted]; see Pirri-Logan v Pearl, 192 AD3d 1149, 1151).
Here, the defendant's submissions were insufficient to establish, prima facie, that the plaintiff was informed of the risks, benefits, and alternatives to an endoscopic lumbar discectomy in a language that she could understand. Transcripts of the deposition testimony of the parties and a consent form signed by the plaintiff reveal a factual dispute as to whether the defendant obtained informed consent (see Palmeiro v Luchs, 202 AD3d 989, 992). Thus, the defendant failed to establish the absence of triable issues of fact with respect to the cause of action alleging lack of informed consent insofar as asserted against him (see Guinn v New York Methodist Hosp., 212 AD3d 787, 789).
Since the defendant failed to eliminate all triable issues of fact, the Supreme Court properly denied his motion for summary judgment dismissing the amended complaint insofar as asserted against him, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Huichung Feng v Accord Physicians, PLLC, 194 AD3d at 797).
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court